**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| In Re: | Case No. 21-21922-GLT |
|---|---|
| John C. Martinec | Chapter 13 |
|  | Doc. No. |
| **Debtor** |  |
| John C. Martinec | Related to Claim 11-1 |
|  |  |
| **Movant** |  |
| Vs. | Response Date: 12/7/2021 |
|  |  |
| **RoundPoint Mortgage Servicing Corporation** | Hearing Date: 12/22/2021 at 10:30 a.m. |
|  |  |
| **Respondent** |  |

**DEBTOR'S OBJECTION TO CLAIM OF**
**ROUNDPOINT MORTGAGE SERVICING CORPORATION**

AND NOW, comes the Debtor/Movant, John C. Martinec, by and through his attorney, Bryan P. Keenan & Associates, P.C., and Bryan P. Keenan, Esq. and files the following objection to the claim of RoundPoint Mortgage Servicing Corporation, and present the following:

    1.  On June 11, 20219 the Debtor/Movant, John C. Martinec (hereafter "Movant") filed for Relief under Chapter 13 of the Bankruptcy Code.

    2. At the time this case was filed the Movant was current on his mortgage payments with the Respondent, RoundPoint Mortgage Servicing Corporation (hereafter "Respondent") as there were no pre-petition arrears.

    3. At the time the case was filed the Movant's mortgage payment was $647.37 of which $432.41 was for principal and interest and $215.46 was for an escrow impound for real estate taxes and insurance; The September 2, 2021 escrow analysis is included in Respondent's proof of claim.

4. The Respondents claim Matures in month 48 of the plan or July of 2025.

5. On October 28, 2021 the Respondent filed claim 17-1 on the claims register as a total debt claim summarized as follows:

a) Total Debt: $18,219.01

b) Interest Rate: 4.3750%.

c) "The Debtor is responsible for the ongoing payment of taxes and insurance. Should further forced placed disbursements be made by Creditor, a Motion for Relief may be filed."

A true and correct copy of claim 17-1 that includes the September 2, 2021 escrow analysis is annexed hereto as Exhibit "A".

6. The Movant does not dispute that the loan shall be paid in full during the term of the plan, the principal balance or interest rate.

7. The Movant is not seeking to modify the loan terms.

8. The Respondent provides no legal basis to suspend the escrow impound by virtue of the case filing.

9. The Movant is prejudiced by this treatment as no monies have been set aside to pay real estate taxes and insurance.

10. The escrow impound protects the Movant and Respondent.

11. The November 4, 2021 Chapter 13 Plan provides for respondents claim to be paid in full at the contractual interest rate and the September 2, 2021 escrow analysis.

12. The escrow impound should be reinstated.

**Wherefore**, the Movant requests that an Amended claim be filed to restore the escrow impound.

Date: **November 18, 2021**    /s/ Bryan P. Keenan
Bryan P. Keenan, Esquire, PA ID 89053
Bryan P. Keenan & Associated, P.C.
993 Greentree Road, Suite 101
Pittsburgh, PA 15220
(412) 922-5116
keenan662@gmail.com